AIKEN SCHENK HAWKINS & RICCIARDI P.C.
2390 E. Camelback Rd., Suite 400
Phoenix, Arizona 85016
Telephone: (602) 248-8203
Facsimile: (602) 248-8840
E-Mail: dlh@aikenschenk.com
E-Mail: ham@aikenschenk.com
D. Lamar Hawkins – 013251
Heather A. Macre - 026625
Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>VICTOR LOZADA GRANADO,<br><br>　　　　　　　Debtor.<br><br>Address:　　108 E. 8th St.<br>　　　　　　　Eloy, AZ 85131<br><br>Social Security No.:　xxx-xx-8823 | Chapter 7 Proceedings<br><br>Case No. 4:17-bk-14574-BMW<br><br>**REQUEST FOR EXPEDITED CLARIFICATION OF COURT'S JULY 24, 2018 ORDER CLARIFYING RULING ENTERED IN DESERT VALLEY STEAM CARPET CLEANING, LLC CASE NO. 4:17-bk-13309-SHG AS DOCKET NO. 69 AS APPLICABLE TO DEBTOR**<br><br>(Relates to Granado Docket No. 108 and Desert Valley Steam Carpet Cleaning, LLC Docket No. 69) |

Victor Lozada Granado (the "Debtor") hereby seeks a clarification and comfort order from this Court of the court's Order Clarifying Ruling entered July 24, 2018 ("Desert Valley Order") entered in Desert Valley Steam Carpet Cleaning, LLC's ("Desert Valley") case as Docket No. 69. A copy of the Desert Valley Order is attached hereto as **Exhibit A**. The Debtor also seeks the entry of an order confirming that the Debtor may proceed with the State Court Litigation as more fully described below.

I.　**FACTUAL BACKGROUND**

1.　On or about November 8, 2017, Desert Valley Steam Carpet Cleaning, LLC ("Desert Valley") filed a voluntary petition under Chapter 7 commencing case no. 4:17-bk-13309-SHG ("Desert Valley Petition Date").

2.　On the Desert Valley Petition Date, Desert Valley was the owner of certain real property located at 601 N. D Street, Eloy, AZ 85131 and 603 N. D Street, Eloy, AZ 85131

1

963750.1

(collectively the "Property").

3. The Property was encumbered by a deed of trust ("Deed of Trust") in favor of Atlas Residential LLC ("Atlas") (pursuant to an assignment of the deed of trust by KS State Bank).

4. Debtor signed a personal guaranty related to the debt owing to Atlas (pursuant to an assignment of the Guaranty by KS State Bank).

5. On December 11, 2017, the Debtor filed a voluntary petition under Chapter 7. The Debtor is an owner of Desert Valley.

6. On December 22, 2017, the Debtor filed a Motion to Convert Case to Chapter 11 (DE #18).

7. On December 28, 2017, the Debtor filed a Motion to Dismiss Case (DE #28). Atlas Residential, LLC filed an Objection to the Motion (DE #22). The Chapter 7 Trustee also filed a Response to the Motion (DE #27). On January 8, 2018, the Debtor filed a Response and Request for Hearing (DE #26 and #28). On March 5, 2018, the Court entered an Order Dismissing the Case (DE #36).

8. On or about January 24, 2018, the Court entered an Order granting Atlas' motion for stay relief in the Desert Valley case (Desert Valley Dkt. No. 39).

9. On March 9, 2018, the Debtor filed a Motion to Reinstate Case (DE #43). The Court entered an Order Denying the Motion on March 12, 2018 (DE #44).

10. On or about March 9, 2018, Desert Valley transferred the Property to Jamie Granado by virtue of a quit claim deed.

11. On March 14, 2018, the Debtor filed a second Motion to Reinstate Case (DE #46). The Court entered an Order reinstating the case on March 15, 2018 (DE #47).

12. On or about April 6, 2018, the Ch. 7 Trustee filed a Notice of Trustee's Intent to Abandon the Property (Desert Valley Dkt. No. 45). Pursuant to 11 U.S.C. §554(a), Fed.R.Bankr.P. 6007(a), and Local Rule 6007-1, the Property was deemed abandoned to Desert Valley on April 20, 2018, effective as of the Petition Date (*see* Order at 1, Lines 26-28).

13. On May 25, 2018, the Debtor filed another Motion to Convert Case to Chapter 11 (DE #65). The Chapter 7 Trustee filed an Objection to the Motion (DE #68). Subsequent thereto,

963750.1

the Debtor has been working with the Chapter 7 Trustee concerning whether the case should be dismissed or converted to Chapter 11.

14. On July 23, 2018, the Debtor filed Notification of Additional Claims/Assets & Motion for Continuation and or Request for Additional Relief/Dismissal (Hearing Requested) (DE #78). Atlas filed an Objection to the Motion (DE #79). The Debtor filed a Reply (DE #80). The Court held a hearing on October 4, 2018 on the various Motions and continued the matters until November 13, 2018. Pursuant to the Court's minute entry order, the Court would consider conversion to a Chapter 11 if the Debtor is represented by Counsel.

15. Atlas has asserted that the transfer of the Property from Desert Valley to Jamie Granado was in contravention of bankruptcy law and thus void. The Debtor, Jamie Granado and Desert Valley are currently engaged in litigation with Atlas regarding the Property in Pinal County Superior Court ("State Court Litigation") (*see generally* Pinal County Superior Court Case No. S1100CV2018-001357). The Chapter 7 Trustee is fully aware of the State Court Litigation and participating as necessary. The Debtor, Jamie Granado, and Desert Valley have asserted in the State Court Litigation that Atlas has breached the Deed of Trust, engaged in unauthorized construction activities at the Property with unlicensed parties and without the required permits and engaged in numerous predatory lending tactics. A copy of the Mediation Memorandum submitted in the State Court Litigation delineating the various claims is attached hereto as **Exhibit B**.

16. The Debtor and Desert Valley are currently working with Adam Nach who represents the Chapter 7 Trustee to reach a stipulation to dismiss the bankruptcy proceedings, or, if necessary depending upon the results of the State Court Litigation, to convert the case to a Chapter 11 proceeding. Once the Debtor and Mr. Nach reach a more formal agreement, they will file such a stipulation with the Court and seek the entry of an appropriate order in this case.

17. On November 13, 2018, undersigned counsel filed a Notice of Appearance in this matter on behalf of the Debtor (DE #97). On November 13, 2018, the Debtor also filed a Motion to Dismiss Chapter 7 Case (DE #98). Atlas filed an Objection to the Motion (DE #103).

18. On or about December 11, 2018, the Court held a hearing on the Motion to Dismiss ("Hearing"). Counsel for Atlas and counsel for the Chapter 7 trustee attended the Hearing. The

3

963750.1

Debtor reported to the Court that a settlement conference was occurring in the State Court Litigation, and that if the settlement conference was not successful that the state court was thereafter hearing issues with respect to various motions filed against Atlas. Further, depending upon the success of the settlement conference or the subsequent hearing on the various motions filed against Atlas, it would be prudent to postpone a resolution of whether this case would be dismissed, because it may be better to have this case converted to a Chapter 11. Atlas' counsel heard this disclosure to the Court, and indicated that Atlas had no objection to the continuance given the pending settlement conference. Importantly, Atlas said nothing about an issue with respect to the automatic stay in any way prohibiting the settlement conference or the prosecution of the various other motions filed in the State Court Litigation. In light of this situation, the Court continued the matter to January 15, 2019 at 10:15 a.m. (DE #108).

19. On December 19, 2018, the Debtor, Jamie Granado, Desert Valley and Atlas attended a court ordered settlement conference in the State Court Litigation in an attempt to mediate the dispute that was overseen by Hon. Judge McCarville.

20. Atlas shockingly asserted that Desert Valley was unable to proceed due to the automatic stay and in an abundance of caution, Judge McCarville suspended the settlement conference and directed Desert Valley to obtain an order confirming that the Debtor's and Desert Valley's participation in the State Court Litigation (and the associated settlement conference over which he was presiding) was not a violation of the automatic stay. Thus, a similar motion to this motion is being filed in Desert Valley's bankruptcy proceeding. The Debtor is filing this Motion so that once Desert Valley obtains a comfort order in its case, that Atlas does not then use this bankruptcy proceeding as a further excuse to further delay the settlement conference and the prosecution of the State Court Litigation.

21. On December 19, 2018, the Pinal County Superior Court issued a ME Order regarding the Settlement Conference, a copy of which is attached hereto as **Exhibit C**.

22. The Debtor respectfully requests an expedited clarification and comfort Order as described below as the parties have a status conference with Judge McCarville scheduled for January 7, 2019 to discuss whether the "status of the bankruptcy court and whether any stay on the

4

963750.1

bankruptcy proceedings has been lifted."(*see* Exh. C at 2).

## II. REQUEST FOR EXPEDITED CLARIFICATION

The court in the Desert Valley case has already stated, "[a]bandoned property reverts to the Debtor and the Debtor's rights to the property are treated as if no bankruptcy proceeding was filed." Order at 2, Lines 3-5, citing *CBS Inc. v. Folks (In re Folks)*, 211 B.R. 378 (9th Cir. BAP 1997). The court went on to state, "all rights of the Debtor and Atlas in the Property are governed by the loan documents and state law." Order at 2, Lines 8-9.

The status and strategy of the State Court Litigation were already discussed in this case with this Court, at a hearing where Atlas (and the Ch. 7 Trustee's attorney, Mr. Nach) were present, with no issue raised concerning the automatic stay in any way prohibiting Debtor's participation in and attendance at the settlement conference in the State Court Litigation or the prosecution of the State Court Litigation. Further, the Chapter 7 Trustee's counsel is participating as necessary in the State Court Litigation. Nevertheless, because Atlas now is raising the issue that the automatic stay somehow prevents the settlement conference and the State Court Litigation from proceeding, and the state court in an abundance of caution would like a comfort order, the Debtor seeks an immediate comfort order on these issues in the form attached hereto as **Exhibit D.**

## III. CONCLUSION

The Debtor respectfully requests that this Court enter a comfort order clarifying the prior directions in this case and the Order in the Desert Valley case, that expressly confirms that the Debtor is not prevented by the automatic stay imposed by 11 U.S.C. §362 from: (i) proceeding with the State Court Litigation; (ii) participating in the settlement conference; and (iii) prosecuting its claims under the Deed of Trust and state law. Further, the Debtor requests a clarification from this Court that any transfer of the Property (given the abandonment and effect of such abandonment) is: (i) not in contravention of the Bankruptcy Code; and (ii) substantively governed by state law and the Deed of Trust, as previously ordered in the Desert Valley case.

963750.1

DATED this 3rd day of January, 2019.

                                            AIKEN SCHENK HAWKINS & RICCIARDI P.C.

                                            By _____
                                                 D. Lamar Hawkins
                                                 Heather A. Macre
                                                 2390 E. Camelback Rd., Suite 400
                                                 Phoenix, Arizona 85016
                                                 Attorneys for Debtor

COPY of the foregoing mailed, or served
via electronic notification* or fax** if so marked,
this 3rd day of January, 2019, to:

Stanley J. Kartchner
7090 N. Oracle Rd. #178-204
Tucson, AZ 85704
*Chapter 7 Trustee*

Adam Nach* adam.nach@lane-nach.com
Lane & Nach, P.C.
2001 E. Campbell, Ste. 103
Phoenix, AZ 85016
*Attorneys for Chapter 7 Trustee*

Cynthia L. Johnson* Cynthia@jsk-law.com
Law Office of Cynthia L. Johnson
11640 E. Caron St.
Scottsdale, AZ 85259
*Attorneys for Atlas Residential, LLC*

Patrick Keery* pfk@keerymccue.com
Keery McCue, PLLC
6803 E. Main Street, Suite 1116
Scottsdale, AZ 85251
*Attorneys for Desert Valley Steam Carpet Cleaning, LLC*

_____

963750.1